MARIA T. POLHEMUS, RESPONDENT, *v.* THE FITCHBURG RAILROAD COMPANY, APPELLANT.*

*Chapter* 917 *of* 1869 *authorizing railroad companies to consolidate — the meaning of the words "except mortgages," in section* 5, *considered and held not to include coupons of bonds secured by a mortgage.*

An action was brought to recover ten coupons, representing past-due interest on five bonds issued by the Troy and Boston Railroad Company, a New York corporation, payment of which was secured by a mortgage upon its road and franchises; after the issuing of the bonds and mortgage the Troy and Boston Railroad Company and the Fitchburg Railroad Company, a Massachusetts corporation, consolidated their respective corporations into one, which was called the Fitchburg Railroad Company. This action was brought against the new company by authority of section 5 of chapter 917 of 1869, under which the consolidation was made, which reads as follows: "The rights of all creditors, and all liens upon the property of either of said corporations, parties to said agreement and act, shall be preserved unimpaired, and the respective corporations shall be deemed to continue in existence to preserve the same; and all debts and liabilities incurred by either of said corporations, *except mortgages*, shall thenceforth attach to such new corporation and be enforced against it and its property to the same extent as if said debts or liabilities had been incurred or contracted by it."

*Held,* that the bonds and coupons were debts of the Troy and Boston Railroad Company, which attached to the new corporation, and that it was the intention of the legislature to make them debts enforceable against it.

That they were not included in the term "mortgages," as used in section 5, and that the words "except mortgages" were manifestly meant to restrict the lien of the mortgage to its lien on the route of the company which gave it, so that while the debts of each company are enforceable against the joint company a purchaser in foreclosure will not be able to buy more than the company which gave the mortgage included in it.

APPEAL from a judgment in favor of the defendant, which was entered in the office of the clerk of the county of Kings, upon the verdict of a jury rendered by the direction of the court at the Kings County Circuit held on June 1, 1888.

*Esek Cowen* and *John H. Peck*, for the appellant.

*Charles E. Patterson* and *Arthur H. Masten*, for the respondent.

See *ante* page 310.

BARNARD, P. J.:

The Troy and Boston Railroad Company, a New York corporation, made its mortgage for $1,500,000 to secure its bonds to that amount. The plaintiff holds ten coupons representing past-due interest on five of these bonds. The Fitchburg Railroad was a Massachusetts company. The two roads would make a continuous line, and to effect that object the two corporations consolidated their respective corporations into one, which was called the Fitchburg Railroad Company. Such consolidation is authorized by chapter 917, Laws of 1869. The plaintiff brought this action to recover of the new company a judgment for the amount of her coupons, and this company deny that it is liable to pay the same. The question presented is as to the true and legal construction of section 5 of chapter 917, Laws of 1869, which is in these words: "The rights of all creditors of and all liens upon the property of either of said corporations, parties to said agreement and act, shall be preserved unimpaired, and the respective corporations shall be deemed to continue in existence to preserve the same; and all debts and liabilities incurred by either of said corporations, except mortgages, shall thenceforth attach to such new corporation and be enforced against it and its property to the same extent as if said debts or liabilities had been incurred or contracted by it. No suit, action or other proceeding now pending before any court or tribunal, in which either of said railroad companies is a party, shall be deemed to have abated or been discontinued by the agreement and act of consolidation as aforesaid; but the same may be conducted in the name of the existing corporation to final judgment, or such new corporation may be by order of the court, on motion, substituted as a party. Suits may be brought and maintained against such new corporation in the courts of this State, for all causes of action, in the same manner as against other railroad corporations therein." It will be seen by this section all debts of either of the corporations consolidated shall attach to the new corporation, "except mortgages." Are the bonds and coupons, then, included in the term mortgages, or are they debts of the Troy and Boston Railroad which attach to the new corporation? I think it was the design of the legislature to make the bonds, debts enforceable against the new corporation. As a matter of settled law in respect to all mortgage securities, the debt

is the bond obligation or note of the debtor. It is, indeed, secured by a mortgage, but the debt can be sued as against the debtor without enforcing the mortgage. By the act "all debts and liabilities" of either company are preserved against the new company. The words "except mortgages" manifestly means to restrict the lien of the mortgage to its lien on the route of the company which gave it. It would make great complication to extend it over the part of the new company which had not been included in it. The debts of each company are enforcible against the joint company, but a purchaser in foreclosure will not be able to buy more than the company which gave the mortgage included in it. In other words the property acquired by consolidation would not be subject to the mortgage, but the debts secured by it would be enforcible against a consolidated company.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.